**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 14-1337 and 14-1502

———————

IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

RANDALL D. HERMAN; RAYNA HERMAN,
Appellants in 14-1337

MICHAEL HIRSCHBEIN; SANDRA HIRSCHBEIN,
Appellants in 14-1502

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Nos. 2-99-cv-20593 and 2-16-md-01203)
District Judge:  Honorable Harvey Bartle, III

———————

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2014

Before:  SMITH, SHWARTZ and ROTH, <u>Circuit Judges</u>

(Filed: February 20, 2015)

———————

O P I N I O N[*]

———————

**ROTH**, <u>Circuit Judge</u>:

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Randall Herman and Michael Hirschbein (collectively, Claimants) appeal from the District Court's orders, denying their claims for Matrix A, Level III benefits under the Diet Drug Nationwide Class Action Settlement Agreement. We will affirm.

I.

Herman and Hirschbein are members of the certified settlement class who seek benefits under the Settlement Agreement. We have previously discussed the litigation background, Settlement Agreement terms, and significant medical issues.[1] Thus, we limit our discussion here to the facts relevant to the present appeal.

In 2011, Herman and Hirschbein submitted claims for Matrix A, Level III benefits under the Settlement Agreement. The AHP Settlement Trust then submitted both claims for audit. The Trust subsequently denied Herman's claim and limited Hirschbein's claim to Matrix B benefits. Specifically, the Trust credited the findings of the auditing cardiologists, who determined there was no reasonable basis for Herman's treating physician's representation that he had mild aortic regurgitation or Hirschbein's treating physician's representation that he did not have aortic stenosis. Herman and Hirschbein both contested the Trust's post-audit determinations but the Trust affirmed its decisions.

Both claimants again disputed the Trust's findings and the Trust applied to the District Court to require them to show cause why their claims should be paid. The District Court referred the matters to the Special Master, who appointed a Technical

---

[1] *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 543 F.3d 179, 181-90 (3d Cir. 2008).

Advisor to prepare an independent report. Like the auditing cardiologists, the Technical

Advisor concluded that there was no reasonable basis for the representation that Herman

had mild aortic regurgitation or that Hirschbein did not have aortic stenosis. Crediting

the Technical Advisor and auditing cardiologists' findings, the District Court determined

that both claimants failed to meet their burden of establishing a reasonable medical basis

for their claims. Thus, the District Court affirmed the denial of Herman and Hirschbein's

claims for Matrix A, Level III benefits.

II.[2]

"We review a District Court's exercise of its equitable authority to administer and

implement a class action settlement for abuse of discretion."[3] To constitute an abuse of

discretion, the District Court must have relied on a "clearly erroneous finding of fact, an

errant conclusion of law or an improper application of law to fact."[4] "The test is not what

this court would have done under the same circumstances; that is not enough."[5]

Construction of settlement agreements, however, is a question of law mandating plenary

review.[6]

As a preliminary matter, Claimants seek plenary review because they claim that

the threshold issue in this appeal is defining the term "reasonable medical basis."

According to Claimants, the District Court has not provided a rule of law or standard for

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we exercise
jurisdiction under 28 U.S.C. § 1291.
[3] *See In re Diet Drugs*, 543 F.3d at 184 n.10.
[4] *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 320 (3d Cir. 2001).
[5] *Id.* (quotations omitted).
[6] *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 706
F.3d 217, 223 n.4 (3d Cir. 2013).

determining whether a reasonable medical basis exists. We disagree. The District Court has applied the reasonable medical basis standard in a litany of past decisions, and those opinions are an appropriate place for guidance here.[7] Although these decisions do not provide a one-size-fits-all definition, they offer Claimants "sufficient notice of the reasonable medical basis standard."[8] As a result, we consider only whether the District Court abused its discretion by finding that Claimants failed to meet their burden of establishing a reasonable medical basis for their claims.

The District Court did not abuse its discretion in holding that Herman failed to rebut the opinions of the auditing cardiologist and the Technical Advisor that he did not have mild regurgitation. In large part, Herman stands on his own physicians' affirmations, which disagree with those findings. Disagreement, however, is not enough to constitute an abuse of discretion.[9] Herman also argues that he met his burden by submitting an aortic regurgitation measurement based on more than a single frame and including some indication of the maximum jet's representativeness. Yet, Herman relies on a prior decision in this litigation, where we merely stated that the "identification of a single jet without any explanation or indication of its representativeness will not satisfy the claimant's burden."[10] Claimants next claim that the auditing cardiologist's findings were unreasonable because they did not include regurgitation measurements. But quantitative measurement is unnecessary where, as here, an auditing cardiologist

---

[7] *See, e.g.*, Pretrial Order No. 2640, Pretrial Order No. 2825.
[8] *See In re Diet Drugs*, 543 F.3d at 187 n.16.
[9] *See In re Orthopedic Bone Screw Prods.*, 246 F.3d at 320.
[10] *See In re Diet Drugs*, 543 F.3d at 185.

indicates that regurgitation is well below the necessary threshold.[11] Furthermore, Herman mischaracterizes the auditing cardiologist's method for measuring Herman's aortic regurgitation, and therefore Herman does not demonstrate that the cardiologist's approach departed from accepted medical standards.

Nor did the District Court abuse its discretion in determining that Hirschbein failed to rebut the opinions of the auditing cardiologist and the Technical Advisor that he had aortic stenosis. As with Herman's claim, Claimants mistakenly argue that the opinions of Hirschbein's treating physicians are enough to compel reversal here. They are not. Similarly, Claimants argue that the District Court abused its discretion by not considering the representative measurements by Hirschbein's treating physicians. But the District Court conducted an extensive review of the record, and simply chose to credit different findings. Lastly, Claimants' arguments regarding the reliability of the Technical Advisor's findings are misplaced.

III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[11] *See id.* at 188-89.